PEOPLE v. DUVALL.

1. ARREST—VIOLATION OF LAW IN SIGHT OF OFFICERS JUSTIFIED
   ARREST—SEARCH AND SEIZURE.
     Where the officers in a boat near the shore in shallow
     water saw defendant and another unloading beer from
     a motorboat into a rowboat, and arrested defendant as
     he was dragging the rowboat to shore, there was no un-
     lawful search and seizure; no search being necessary to
     inform the officers that defendant was violating the law
     by transporting intoxicating liquor.

2. CRIMINAL LAW—JURISDICTION.
     Under 1 Comp. Laws 1915, § 2246, the circuit court for
     Monroe county had jurisdiction of a violation of the pro-
     hibition law, where the locus in quo was near the shore
     in shallow water of La Plaisance bay, a part of Lake Erie,
     in Monroe township, Monroe county, Michigan, near Bolles
     Harbor.

Error to Monroe; Root (Jesse H.), J.     Submitted
June 14, 1928.     (Docket No. 122, Calendar No.
33,660.)     Decided July 24, 1928.

Russel Duvall was convicted of violating the liquor
law, and sentenced to imprisonment for not less than
eleven months nor more than one year in the State
prison at Jackson.     Affirmed.

*Peter J. Callaghan* and *Charles J. McLaughlin,* for
appellant.

*Wilber M. Brucker,* Attorney General, and *Edgar G.
Gordon,* Prosecuting Attorney, for the people.

FELLOWS, J.     On the night of June 23, 1927, the
sheriff of Monroe county and two of his deputies were
in a rowboat near the shore in the shallow waters of

As to necessity of warrant for search for or seizure of intoxi-
cating liquors, see annotation in 3 A. L. R. 1516; 13 A. L. R.
1316; 27 A. L. R. 711; 39 A. L. R. 814.

La Plaisance bay in Monroe county, when defendant and two companions in a motorboat came to anchor a short distance from them. At a distance of about 200 feet the officers threw a flashlight on the motorboat and perceived that defendant and his companions were loading beer into a rowboat alongside the motorboat. The water here was but three or four feet deep and defendant and the others lowered themselves into the water and started for shore dragging the rowboat behind them. Defendant was intercepted when about 25 feet from shore and placed under arrest. The rowboat contained 37 cases of beer and 5 cases of whisky. Defendant reviews his conviction on a record which, to say the least, is not in as satisfactory form as might be desired.

Defendant's counsel discuss in their brief the question of unlawful search and seizure, but there was no motion to suppress, nor was there an unlawful search or seizure. The officers were on the navigable waters of the State and saw defendant and his companions in the act of transferring beer from the motorboat to the rowboat. No search was made, nor was any necessary. All the officers had to do was to use their eyes to perceive that defendant was violating the law—was in the act of transporting liquor.

The objection that the court did not have jurisdiction because the *locus in quo* was in Lake Erie is without merit. The testimony shows that the *locus in quo* was in the shallow water of La Plaisance bay in Monroe township, Monroe county, Michigan, near Bolles Harbor. The bay is a part of Lake Erie within the limits of the State, and the circuit court for Monroe county had jurisdiction. 1 Comp. Laws 1915, § 2246.

There is discussion in the brief of the cross-examination of defendant by the prosecuting attorney, but there is no assignment of error covering the subject. It is insisted that the court erred in overruling a motion

for a new trial, but the motion for a new trial does not appear in the record, and we are, therefore, uninformed as to the grounds urged.

So far as this record discloses there was no error on the trial, and the conviction will be affirmed.

FEAD, C. J., and NORTH, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred. POTTER, J., did not sit.